Mr. Norman F. Williams State Geologist c/o Arkansas Geological Commission 3815 West Roosevelt Road Little Rock, AR 72204
Dear Mr. Williams:
This is in response to your request for an opinion on the following:
 Whether a motion passed by a board interpreting its codified law as not requiring certain individuals to be licensed with them because the work they do does not constitute "geology" is binding upon future boards of the Board of Registration of Geology.
It is my opinion that the resolution of this question will depend upon the facts and circumstances surrounding a particular incident.
For example, if the present board merely has adopted (through a motion) a certain interpretation of the definition of "geology," as not applying to a certain class of individuals, it is my opinion that there is no provision of law which would prohibit a successor board from amending the interpretation or adopting a contrary one.
It is also my opinion, however, that if the board has passed a final "motion," or has issued a final order interpreting the definition of geology, as pertains to specific, named individuals appearing before the board in its judicial or "quasi-judicial" capacity, the order may be "res judicata" or binding on a successor board. See generally, Bockman v. Arkansas State Medical Board, 229 Ark. 143, 313 S.W.2d 826 (1958), stating that "(w)hen an administrative tribunal acts judicially or quasi-judicially, there are good reasons for holding that its decisions should have the finality that is conferred by the rule of res judicata."229 Ark. at 147. See also 2 Am.Jur.2d Administrative Law, 532, stating that "(i)t may also be held that final actions of administrative officers may not be disturbed by their successors in office." 2 Am.Jur.2d Administrative Law, 532 at 344.
In Bockman, the court found that a previous board's determination that certain offenses did not involve moral turpitude, so as to form the basis for revoking a doctor's license, was binding in a subsequent proceeding before a new board faced with the same charges against the same doctor.
It is my opinion, however, that in order for the doctrine of "res judicata" to be applicable to a board or agency determination, the order or ruling must be final, and the board must be acting in its judicial or "quasi-judicial" capacity. Bockman, supra. If, however, the order or interpretation is contrary to statute, or unconstitutional, or if there has been a change in the law or other conditions which are sufficient to prompt a different determination, the doctrine of res judicata may not be applicable, and the order, motion, or ruling will not be binding on successor boards.
A definitive answer to your question cannot be given based upon the information supplied in your request. The foregoing, however, should offer some guidance on the issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.